**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANITA HOWARD, | ) | 3:22-CV-476 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHEM, INC., | ) | |
| *Defendant*. | ) | October 26, 2022 |

**RULING AND ORDER ON PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Sarala V. Nagala, United States District Judge.

Plaintiff Anita Howard initially filed this action in Connecticut Superior Court, alleging that Defendant Anthem, Inc., her former employer, violated the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 *et seq.*, by discriminating against her because of her race, age, and disabilities. Compl., ECF No. 1-1, at 3–11. Defendant removed the matter to federal court on the basis of the Court's diversity jurisdiction, alleging that there is complete diversity of citizenship and that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. ECF No. 1.

Presently before the Court is Plaintiff's motion to remand the case to Connecticut state court, in which she contends that the $75,000 amount in controversy requirement is not met and, therefore, that the Court lacks subject matter jurisdiction over this case. ECF No. 13. Following submission of her initial motion, Plaintiff has filed two stipulations concerning the amount in controversy, the most recent of which is sufficient for the Court to conclude that the amount in controversy will not exceed $75,000. *See* ECF No. 30. For the reasons discussed below, the Court GRANTS Plaintiff's motion to remand this action to state court, but DENIES her request for costs.

## I.    FACTUAL BACKGROUND

The following allegations are drawn from Plaintiff's complaint.  Plaintiff is a 62-year-old African-American woman who was employed by Defendant, an insurance company, from 1989 until December 17, 2020.  ECF No. 1-1 at 3 ¶ 2.  As part of her employment, Defendant provided her with health insurance.  *Id.* ¶ 5.  Plaintiff suffers from "disabilities of depression and anxiety and post COVID viral syndrome."  *Id.* ¶ 4.  After Plaintiff found two in-network behavioral health providers unsatisfactory, she requested to use an out-of-network provider.  *Id.* ¶ 6A.  According to Plaintiff, despite that Defendant had previously approved Plaintiff's use of the out-of-network services and promised her reimbursement for payments made to those providers, Defendant reneged on that promise.  *Id.* ¶¶ 6C, 6E–G, 6I.  Plaintiff was given a written warning on September 24, 2020, due to "violations of company policy," although her employment performance evaluations remained positive during this time period.  *Id.* ¶ 6O.  Plaintiff reapplied for authorization to use the out-of-network provider on December 16, 2020, and was terminated the next day, allegedly "due to her private medical related emails" and because she had used "her knowledge of [Defendant's] processes and procedures to have her claims processed at a higher rate than those of other members."  *Id.* ¶¶ 6L, N.  Plaintiff also alleges that she was treated differently than various white employees, *id.* ¶¶7A–C, and that Defendant interfered with Plaintiff's use of time off under the Family Medical Leave Act, *id.* ¶ 7L.

Based on these allegations, Plaintiff filed a complaint in Connecticut Superior Court on March 29, 2022, alleging that Defendant violated the CFEPA and seeking compensatory damages and attorney's fees.  *Id.* at 8–9.  Defendant removed the case to federal court two days later, invoking the Court's diversity jurisdiction.  ECF No. 1.  Specifically, Defendant contends that there is complete diversity between the parties, as Plaintiff is a citizen of Connecticut and

Defendant is a citizen of Indiana, and that the amount in controversy exceeds $75,000.  Relevant here, Defendant's notice of removal represented that the amount in controversy was satisfied by calculating Plaintiff's lost wages (approximately $66,927.82 per year) between her December 2020 termination and March 1, 2022, the date she filed the complaint in this action.  *Id.* ¶ 9.

In response, Plaintiff filed a motion to remand the matter to state court, contending in an affidavit that she is seeking no more than $62,333.27, and that Defendant overestimated the amount in controversy by failing to consider that any judgment ultimately issued would be offset by unemployment compensation Plaintiff received in the amount of $37,000.  ECF No. 13. Defendant opposed Plaintiff's motion, arguing that her back pay damages alone would exceed $75,000, that an offset for unemployment benefits is discretionary, and that Plaintiff's calculation did not consider a possible award of emotional distress damages and attorney's fees.  ECF No. 19.

The Court thereafter issued an order noting that Plaintiff could consider entering into a stipulation that she will not seek more than $75,000 in damages, citing to various cases endorsing such an approach.  ECF No.  26.  Plaintiff filed a stipulation stating that she "will not seek more than $75,000 in damages in this matter."  ECF No. 27.  Defendant argued that this stipulation was deficient and filed a motion to stay remand, which the Court granted.  ECF No. 29.  In response, Plaintiff filed a second, more detailed stipulation.  *See* ECF Nos. 27–29.  Plaintiff's second stipulation ("Revised Stipulation") states:

> I agree not to seek a judgment in this action against defendant for an amount greater than $75,000.  I further agree that no judgment shall enter against defendant for a sum greater than $75,000, exclusive of interest and costs, and should the finder of fact return a verdict in my favor in amount greater than $75,000, the verdict will be reduced to $75,000 and judgment will enter for that amount, exclusive of interest and costs.  Finally, I agree that should I seek to join additional defendants to this action who were agents, employees, or servants of defendant, the total judgment or award as against all

> defendants shall not exceed $75,000, again, exclusive of interest and
> costs.

ECF No. 30.  Defendants challenge the Revised Stipulation as deficient and maintain that, in order for the Court to remand this matter to state court, Plaintiff must submit yet another revised stipulation consenting to removal to federal to court in the event that her claim at any time exceeds $75,000.  ECF No. 31.

## II.    LEGAL STANDARD

Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of different States[.]"  28 U.S.C. § 1332(a).  If the amount in controversy does not exceed $75,000, or if the parties are not citizens of different states, the federal court lacks subject matter jurisdiction under § 1332(a) to adjudicate the dispute.  If the federal court determines that it lacks subject matter jurisdiction over a removed action, the federal court must remand the action to the state court.  28 U.S.C. § 1447(c).

When a defendant seeks adjudication of a matter in federal court, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 574 U.S. 81, 87 (2014).  If the plaintiff contests the defendant's allegation, removal is proper "on the basis of an amount of controversy asserted" by the defendant "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.  28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88.

The party invoking the jurisdiction of the federal court—here, Defendant—has the burden of proving that it appears to a "'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."  *Scherer v. Equitable Life Assur. Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir.

2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).

The Second Circuit has characterized this burden as "hardly onerous" because it recognizes a

"rebuttable presumption that the face of the complaint is a good faith representation of the actual

amount in controversy." *Id.* (internal quotation marks and citation omitted).  To overcome that

presumption, the party opposing jurisdiction—here, Plaintiff—must show "'to a legal certainty'

that the amount recoverable does not meet the jurisdictional threshold." *Id.* (quoting *Wolde-Meskel

v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)).

　　A plaintiff may make such a showing by stipulating to an amount in controversy that falls

below $75,000.  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("[I]ndividual

plaintiffs, who are the masters of their complaints," may "avoid removal to federal court, and []

obtain a remand to state court, by stipulating to amounts at issue that fall below the federal

jurisdictional requirement.").  Mindful of the rule that a plaintiff may not "seek to deprive a federal

court of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold

has been satisfied," *Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010), courts in this district have

approved such stipulations when, first, the amount of damages is unclear from the face of the

complaint, and, second, both the plaintiff and her counsel stipulate that they will not seek more

than $75,000 in damages.  *See Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn.

2014); *Ryan v. Cerullo*, 343 F. Supp. 2d 157, 159–60 (D. Conn. 2004); *DiCandido v. Mazzer*, No.

3:20-cv-364 (VAB), 2020 WL 1685504, at *3 (D. Conn. Apr. 7, 2020); *Hayes v. Pfizer, Inc.*, No.

15-cv-1854 (MPS), 2016 WL 1363623, at * 2 (D. Conn. Apr. 6, 2016).  Such a stipulation is

binding on the plaintiff in the matter going forward, including in state court if the matter is

remanded.  *See Ryan*, 343 F. Supp. 2d at 160 ("Rule 11 of the Federal Rules of Civil Procedure

stands as a caution to casual or manipulative entry into stipulations as to lend support to remand

motions."); *Standard Fire Ins. Co.*, 568 U.S. at 595 (recognizing that "the key characteristic about those stipulations is that they are legally binding on all plaintiffs").

### III.   DISCUSSION

The Court finds that remand of this matter to state court is appropriate.

Initially, the Court notes that Defendant, as the party seeking to establish federal court jurisdiction, must establish to a reasonable probability that Plaintiff's claimed damages would exceed $75,000.  *See Scherer*, 347 F.3d at 397.  Defendant argues that it meets this burden through three potential awards Plaintiff could earn if she succeeds in this suit: a lost wages award, an emotional distress damages award, and an attorney's fee award.  The Court addresses each type of award in turn.

First, as noted above, Defendant initially calculated that Plaintiff's alleged lost wages alone in the fourteen months between her termination date and the initiation of the present suit would amount to more than $75,000, given her annualized salary of approximately $66,927.82 per year. Later, in its opposition to the motion to remand, Defendant assumed that trial would not take place for at least a year and a half following removal, leading to a period of thirty-three months, or $184,051.49, in potential back pay damages since her termination.  The latter calculation is improper to use, however.  Jurisdictional facts, "such as the amount in controversy," are evaluated "on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014).  Accordingly, courts in this circuit have held that a potential award for back pay should be calculated from the date of the termination through the date the defendant files the notice of removal.  *Hager v. Steele*, No. 20 Civ. 4482 (LGS), 2020 WL 4345735, at *2 (S.D.N.Y. July 29, 2020); *Jones v. Charter Comm'ns LLC*, No. 18 Civ. 5953 (NG) (LB), 2019 WL 1760841, at *3 (E.D.N.Y. Apr. 22, 2019).  Taking Defendant's

representation of Plaintiff's annualized salary as accurate, Plaintiff's potential back pay award between her December 17, 2020, alleged termination and Defendant's March 31, 2022, notice of removal, would equate to more than $75,000. Plaintiff concedes as much in her own damages calculation. *See* ECF No. 13-1 at 2.

Plaintiff contends, however, that Defendant failed to offset the lost wages calculation by $37,000 for unemployment benefits she received. She asserts that this offset would place the amount in controversy under $75,000, even accounting for a potential front pay award of $10,000. *See id.* Defendant is correct, however, that the deduction of unemployment compensation from a back pay award under the CFEPA is discretionary, and, accordingly, the potential back pay award need not necessarily be reduced by the unemployment compensation she received, for the purpose of calculating the amount in controversy. *See Equal Emp. Opportunity Comm'n v. Enter. Ass'n Steamfitters Loc. No. 638 of U.A.*, 542 F.2d 579, 591 (2d Cir. 1976) (explaining that a district court has the ultimate discretion whether to deduct funds received from a collateral source, such as a public unemployment fund, from a back pay award); *Barham v. Wal-Mart Stores, Inc.*, No. 3:12-CV-01361 (VAB), 2017 WL 3736702, at *6 n.2 (D. Conn. Aug. 30, 2017) (declining to deduct the plaintiff's back pay award based on a brief period of unemployment compensation).

Defendant also correctly notes that Plaintiff claims damages for emotional distress, which other courts have considered when calculating the amount in controversy. *Braden v. Murphy*, No. 3:11CV884 SRU, 2012 WL 1069188, at *2–3 (D. Conn. Mar. 29, 2012); *Dill v. Ron's Golf Car Rental, Inc*, No. 3:12-CV-00137 JBA, 2013 WL 3716382, at *4 (D. Conn. July 12, 2013). Given that a potential back pay award would already exceed the $75,000 amount in controversy, even a nominal emotional distress damages award would only serve to solidify that the federal jurisdictional threshold has been met.

The Court rejects Defendant's argument, however, that a potential attorney's fee award would cause Plaintiff's damages to exceed the federal jurisdictional threshold.  ECF No. 18 at 4.  Attorney's fees are generally not included in the amount in controversy calculation unless the relevant substantive statute makes a fee award recoverable as a matter of right, rather than a matter of discretion.  *Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972) ("However, it is settled that [punitive damages or attorneys' fees] may not properly be included in determining the jurisdictional amount unless they are recoverable as a matter of right"), *vacated on other grounds*, 409 U.S. 56 (1972); *Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85–86 (2d Cir. 2012) (summary order); *Innovative Inflatables, LLC v. Ally Bank*, No. 3:21-CV-881 (CSH), 2022 WL 1468080, at *4 n.4 (D. Conn. May 10, 2022) (explaining that, where an attorney's fee award is "discretionary, courts in this District will not consider them in calculating the amount in controversy").  The CFEPA, under which Plaintiff's claim arises, permits an attorney's fee award, but does not provide for such award as a matter of right, Conn. Gen. Stat. § 46a-104, so it would not be proper to consider that potential award in calculating the amount in controversy.

Considering all of these arguments, the Court finds Defendant has met its burden of establishing a reasonable probability that the amount in controversy exceeds $75,000.  Specifically, between the back pay calculation from termination through the date of removal, plus the possibility that unemployment compensation will not be deducted from her backpay award and Plaintiff's assertion of emotional distress damages, Defendant has surmounted *Scherer*'s "hardly onerous" reasonable probability threshold.  347 F.3d at 397.

The burden therefore shifts to Plaintiff, as the party opposing federal jurisdiction, to establish to a "legal certainty" that her damages would not exceed $75,000.  *Id.*  A stipulation signed by both a plaintiff and her counsel that they will not seek more than $75,000 can establish

such legal certainty, provided that the complaint is ambiguous about the amount in controversy. *See, e.g., Luce*, 23 F. Supp. 3d at 85. Here, as the Court previously noted, *see* ECF No. 26, the complaint states only that the amount in demand is $2,500 or more, but does not specify an exact amount of damages, consistent with the pleading requirements of Conn. Gen. Stat. § 52-91. ECF No. 1-1 at 2. Therefore, the complaint is ambiguous in this regard.

The Court must thus consider the sufficiency of Plaintiff's stipulations. Plaintiff filed an initial stipulation that she "will not seek more than $75,000 in damages in this matter." ECF No. 27. Defendant correctly pointed out that such a stipulation was deficient, as it did not prevent her from being awarded more than $75,000 by a jury. Defendant cited to *Williams v. Target Corp.*, No. 3:17-cv-1263 (VAB), 2017 WL 4678180, at *1–2 (D. Conn. Oct. 17, 2017), in which another court in this district remanded a case to state court following submission of a robust stipulation that provided, in relevant part: that the plaintiff would not seek a judgment in excess of $75,000; that no judgment would enter against the defendant for an amount greater than $75,000; that the plaintiff agreed any verdict greater than $75,000 awarded by a fact finder would be reduced to $75,000; and that if the plaintiff joined additional defendants who were agents, employees, or servants of the defendant, the total judgment against all such defendants would not exceed $75,000. In response, Plaintiff submitted the Revised Stipulation, ECF No. 30, which mirrored that submitted in *Williams*.

The Revised Stipulation clarifies the otherwise ambiguous amount in controversy from the complaint, and is binding on Plaintiff going forward. It states, in no uncertain terms, that Plaintiff will be limited to an award of $75,000, exclusive of interest and costs, even if a fact finder were to award her more than that amount. The language of the Revised Stipulation thus establishes to a legal certainty that the amount in controversy does not exceed $75,000.

The Court rejects Defendant's argument that Plaintiff must also consent to removal of the action to federal court in the event her claim at any point exceeds $75,000. First, such consent does not bear on whether Plaintiff has established to a legal certainty that her damages will fall under the jurisdictional threshold. Even though the plaintiff in *Luce* offered to include such language in her stipulation, *see* 23 F. Supp. 3d at 84, the plaintiff's consent to removal was not required in any of the other cases from this district noted above. Of course, if, within one year of the filing of the action, circumstances arise that increase the amount in controversy to an amount beyond $75,000, Defendant is free to again seek removal. 28 U.S.C. § 1446(c)(1). And if Plaintiff acts in bad faith, such as by "deliberately failing to disclose the actual amount in controversy" to prevent removal, even the one-year time limitation will not apply. *Id.*; *id.* § 1446(c)(3)(B).

For these reasons, Plaintiff's motion to remand this matter to Connecticut Superior Court is GRANTED. Separately, the Court denies Plaintiff's request for costs incurred as a result of litigating Defendant's removal of this case. Although 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," the Supreme Court has made clear that "absent unusual circumstances," such fees "should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Although Plaintiff seeks only costs, and not attorney's fees, incurred in litigating the removal, it was her choice to leave ambiguous in her complaint the amount of damages she sought. As discussed in this ruling, Defendant had an objectively reasonable basis for seeking removal, and an award of costs is unjustified.

## IV.    CONCLUSION

Plaintiff's motion to remand this matter to Connecticut Superior Court is GRANTED.  The Clerk is directed to remand this matter to the Connecticut Superior Court, Judicial District of New Haven, and to close this case.  Plaintiff's request for costs is DENIED.  Each party shall bear its own fees and costs.

**SO ORDERED** at Hartford, Connecticut, this 26th day of October, 2022.

  */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE